## SARAH POLLOCK *et al.*

*v.*

## PETER MAISON *et al.*

1. PRACTICE — *source of title in ejectment.* In an action of ejectment for the recovery of mortgaged premises against the widow and heir of the mortgagor, the plaintiff need not trace title back of the common source, and it cannot matter whether an affidavit of the loss of a deed, in the chain prior to the mortgage, is sufficient or not, as the deed itself is not material in showing a right of recovery.

2. MORTGAGE — *ejectment on, after the debt is barred.* At common law, after twenty years had elapsed from the maturity of the debt, without possession

taken, payment made, suit brought, or some other act recognizing the debt as still subsisting, a payment of the debt was presumed and a foreclosure defeated both at law and in equity. And this too, although specialty debts were not within the act of the 21st of James I, by analogy to the statute of limitations.

3. SAME — *incident to the debt.* The mortgage is an incident to the debt, and but a security, but it confers the right to reduce the premises to possession as a means of obtaining satisfaction of the debt; and, to render the right effective, ejectment may be maintained against the mortgagor at any time that a recovery may be had on the debt.

4. SAME — *entry after breach until barred.* After breach, the mortgagee may enter, until the entry is tolled by the statute of limitations, as in other cases, and equity follows the law. Limitation laws toll the entry or bar the action.

5. THE DEBT — *when barred — the effect.* The mortgage debt is barred, under our statute, in sixteen years; and when it is barred, the entry is barred, and the right to foreclose is gone. When the debt — the principal thing — is gone, the incident — the mortgage — is also gone, and then a foreclosure cannot be had in any of the various modes. If a bar of the incident operates to bar the principal, a bar of the latter must bar the former. A judgment or decree in bar of the debt, bars every mode of foreclosure. The mortgagee may resort to any of the various modes of foreclosure so long as his debt is capable of being enforced but no longer.

WRIT OF ERROR to the Circuit Court of Whitesides county; the Hon. IRA O. WILKINSON, Judge, presiding.

This was an action of ejectment, brought by Peter Maison and Augusta Maison, in the Circuit Court of Whitesides county, to the October Term, 1861, against Sarah Pollock and Peter Pollock, for the recovery of lots 25 and 26 in block 2, and lots 1 and 2 in block 5, in the town of Conie, in Whitesides county. Defendants filed a plea of not guilty, and a trial was had at the May Term, 1862, resulting in favor of plaintiffs. Defendants obtained a new trial under the statute. At the January Term, 1863, the cause was again tried by the court, a jury having been waived by the parties.

On the trial below, plaintiff introduced in evidence a copy of a patent from the United States Government to Wm. Pollock, George C. Wilson and Winfield Wilkinson, for a tract of land embracing the lots in controversy. Next, a deed from Wilkinson and Wilson to Pollock, for these premises. Two notes, executed by Wm. Pollock to Peter Maison, dated Febru-

ary 17 and 19, 1841, due in twelve months from date. A mortgage on the lots in controversy, executed by Wm. Pollock, and Sarah, his wife, to secure the payment of the notes.

Next, a deed for these premises, from Peter Maison and wife to George Campbell, and a deed from the latter to Augusta Maison, the wife of Peter Maison.

It appeared that William Pollock had died some two or three years before the suit was brought, and that Sarah Pollock was his widow and Peter his son, and that they were in possession. Defendants insisted that the note being barred by the statute of limitations a recovery under the mortgage was barred, and that plaintiff could not recover. The issue was found for the plaintiffs, and a judgment was rendered in their favor. The record of the case in the court below is brought to this court on writ of error and a reversal is asked, because the action of ejectment was barred when the suit was brought.

Messrs. JOHNSON & TELLER, for the plaintiffs in error.

Mr. E. A. STORRS and Mr. JOHN V. EUSTACE, for the defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

In this case, both parties derive title from the same source. Sarah Pollock as widow, and Peter as the only heir, of William Pollock, and the defendants in error as the assignees of a mortgage executed by William Pollock in his life-time. It was, therefore, unnecessary to a recovery that defendants in error should trace title back of William Pollock, from whom plaintiffs in error claim title. It was immaterial whether they read the patent from the general government to the original purchaser, or the deed from the patentee to Pollock for the land. When they exhibited a title derived from the common source, that was sufficient to warrant a recovery against plaintiffs in error, unless they overcame it by a better title, or by a paramount outstanding title, with which they were connected.

It is, therefore, unnecessary to inquire whether the affidavit was sufficient to authorize the introduction of the copy of the deed to Pollock from the patentee, in evidence.

The principal question in the case is, whether ejectment may be maintained by a mortgagee, after the debt to secure which it was given is barred by the statute of limitations. Under the common law as announced by the courts of Great Britain, as well as of the various States of the Union, the failure of the mortgagee to make an entry, to receive interest on the debt, or in some other mode to procure a recognition of the validity of his debt, within twenty years, a payment will be presumed, and a foreclosure defeated, both at law and in equity. Specialty debts and contracts for the payment of money were not embraced in the act of 21 James the first; and as mortgages executed in that country usually contained a covenant for the payment of the mortgage debt, the mortgage, and the bond to secure which it was given were held to be without statutory bar. But upon principle, and the analogies of the common law, the debt was presumed to have been paid or otherwise discharged, if no payment was made on the debt, or possession of the mortgage premises was not taken, or some other act done by which it appeared the parties recognized the debt as subsisting, within twenty years after its maturity. The mortgagee under such a mortgage had a right to maintain an action for the recovery of the money on the covenant in his mortgage, or to bring ejectment and be admitted to the possession of the mortgaged premises and the perception of the rents and profits until he had satisfaction of his debt.

Chief Justice KENT, in his Commentaries, vol. 4, p. 189, lays down the rule, that the mortgagee may be barred by the lapse of time; and if the mortgagor has been permitted to possess and enjoy the estate without account and payment of principal or interest, or claim for a given period, which is usually twenty years, the mortgage debt is presumed to be extinguished. He further says: " The period of twenty years is taken, by analogy to the period of limitation at law, for tolling the entry of the true owner." This doctrine runs through the British and

American adjudged cases, in both the courts of law and equity. *Hillary* v. *Wallace,* 12 Ves. 239 ; *Cook* v. *Lattan,* 2 Sim. & Stu. 154 ; *Wilson* v. *Withesley,* Bull. N. P. 110 ; *Hughes* v. *Edwards,* 9 Wheat. 489 ; *Giles* v. *Baremore,* 5 Johns. Ch. 545. Other cases announcing the same rule might be cited, but it is not deemed necessary. The cases proceed upon the principle, that, while the mortgage is an incident of the debt — only a security for the money — yet by it, a right to recover the possession of the premises, as a means of satisfaction, is conferred by the mortgage, and to enforce that right, ejectment may be maintained as long as a recovery may be had by action on the debt.

The authorities all concur in holding that the mortgagee may make entry after condition broken, and some of them even hold that he may enter on the execution of the mortgage, and before there is any breach. Also, that the right of entry is tolled by the statute of limitations, as in other cases. And courts of equity follow the law, in regard to such a bar, and hold, that, by analogy, when the right of entry under the mortgage is barred, the right to foreclose is usually also gone, upon the presumption that the debt has been discharged. And bonds and other sealed instruments for the payment of money, under the English decisions, were governed by the same presumption, after such a lapse of time after maturity. If we were then to adopt the rule, that, where the entry is tolled, the foreclosure is barred, it might be, that, under the limitation laws of 1835 and 1839, barring the entry in seven years, the foreclosure or entry would be barred in that time instead of twenty years.

The object and effect of all limitations of real actions is to toll the entry or bar the action. And this is true, whether the entry is barred in seven or in twenty years. But, under our legislation, the effect would be very different on the security for the debt. In sixteen years the debt is barred; hence, to hold, that the entry is taken away after that time, could produce no injury to the creditor; but to hold the entry was barred, and the right to foreclose was gone in seven years, would be to deprive him of the security of his debt nine years

before it would be barred.  But to hold, that, when the debt is barred, then the entry is barred, and the right to foreclose is gone, is only in analogy to the British and American rule, that, when the presumption is raised, that the debt is extinguished, the entry will be tolled.

In the case of *Whitney* v. *French*, 25 Vermt. 663, the Brittish rule was applied.  It was there *held*, that, when the right of entry is gone, in fifteen years under their statute, a foreclosure by bill is also barred.  The court say : "The presumption of payment of a mortgage becomes absolute, after the lapse of fifteen years, if there is no entry, or payment of interest; and is conclusive unless refuted by distinct proof."  If because the entry under the mortgage as one of the modes of foreclosing or obtaining satisfaction may be held to bar the other modes of foreclosing, it is manifestly more reasonable to hold that where the debt, the principal thing, is gone, the incident, the mortgage, is gone also, and that a foreclosure in any mode cannot then be had, either by ejectment, *scire facias*, bill in equity or otherwise.  If a bar of the incident should bar the principal, then much more should a bar of the debt, be a bar to its incident.  A payment, release or discharge of the debt, extinguishes the mortgage.  If a judgment or decree in bar of the debt, were rendered in favor of the mortgagor, no one would for one moment hesitate to say that it might be interposed as a complete bar to a foreclosure in any of the various modes which may be adopted.  Then why not permit the bar that would defeat a recovery on the debt, be interposed, to defeat a foreclosure.  It was so *held*, in the case of *Harris* v. *Mills*, 28 Ill. 44, and we think the rule is sustained by the analogies of the law, and is consistent with the spirit of our statutes of limitation, and is not opposed to the principles of justice.  While, therefore, an action of ejectment may be maintained, or a bill exhibited, or a judgment recovered by *scire facias* on the mortgage, at any time before the statute has barred the debt, when that has occurred, we believe that the bar may be successfully interposed in either proceeding on the mortgage.

In this case the mortgage debt had been due for nineteen

years, wanting but a few days. And there is no evidence that any payment had been made, either on the principal or interest, or any promise or agreement to pay the same, within sixteen years previous to the institution of this suit; nor is there any pretense that there had been an entry by the mortgagee within that period. The notes were barred by the statute at the expiration of sixteen years after their maturity. And the bar to the debt having become complete, plaintiffs in error had a right to interpose that bar to prevent a recovery in ejectment on the mortgage. If the mortgage had contained a covenant for the payment of the debt, a different question might have been presented, but we deem it unnecessary to discuss it in this case.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*