THOMAS K. MEANS *et al.*

*v.*

ISHAM HARRISON, EXr.

*Filed at Mt. Vernon June 13, 1885.*

1. LIMITATION—*promissory note—effect of act of 1872 as to note given prior to that time.* The Limitation act of April 4, 1872, which took effect July 1, 1872, has no application to a promissory note given in January, 1872, payable two years after the date thereof. The Limitation law of sixteen years applies to such a note.

2. CONSTRUCTION OF STATUTE—*whether to give a retroactive effect, or only prospective.* As a general rule a statute is construed so that it shall operate *in futuro* only, and not to affect past transactions. If the real design is left doubtful, the statute will be construed so as to have only a prospective operation.

3. ADMINISTRATION OF ESTATES—*payment to an executor—in property.* In the absence of any direction by will, an executor's duty is to collect notes given to the testator, in money. He has no authority to exchange the same for other property.

4. So in a suit on a note against several, the defendants pleaded that the note was given for $500 of money loaned by the payee to a Masonic lodge, and that such lodge paid divers large sums of money on the note, and after the death of the payee, the plaintiff (the executor of the deceased payee) received from said lodge, in payment of the note, other property of the value of $1400: *Held,* that the plea was palpably bad, and presented no defence.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Franklin county; the Hon. DAVID J. BAKER, Judge, presiding.

This was an action of assumpsit upon a promissory note, brought against the makers thereof, Thomas K. Means, Henry Hudson, William T. Stacy, Thomas F. Tinsley, Isaac J. Clayton, A. D. Scaggs, Thomas M. Renfro, C. F. Mulkey, John T. Blake and William J. Moyers, the other makers having died. The defendants pleaded the general issue and two special

pleas, the first being that the cause of action did not accrue within ten years next before the commencement of the suit.

The last special plea avers, in substance, that at the time of the execution of the note in the declaration mentioned, said Isham Harrison, plaintiff, as agent of said Barzilla Silkwood, loaned to Polar Star Lodge No. 652, of A. F. & A. Masons, $500 for two years, said lodge then being organized and working under a charter from the Masonic Grand Lodge of Illinois, and that defendants, with T. F. Tinsley, C. F. Mulkey, J. T. Blake, W. J. Moyers, I. J. Clayton and A. D. Scaggs, being members of said lodge No. 652, executed to said Silkwood said note, to secure the payment of said sum of $500 loaned by said Silkwood, as above stated, the same being the only consideration for the execution of said note, and that said lodge No. 652 recognized and acknowledged the same as its own debt, and paid divers large sums of money on said note, without the knowledge or consent of defendants, and after the death of said Silkwood, to-wit, on the third day of August, A. D. 1882, said plaintiff received from said lodge No. 652, in payment of the note, other property of the value of $1400. The other facts appear in the opinion of the court.

Mr. Thomas J. Layman, for the plaintiffs in error:

The law limiting the right of action in force at the time the note matured and the right of action accrued, should govern the case. *Beasley* v. *Spencer,* 25 Ill. 216.

This position is not in conflict with the rule in *Dickenson* v. *Railroad Co.* 77 Ill. 331, which holds the act of 1872 is not to have a retroactive operation. We also refer to *Hyman* v. *Bayne,* 83 Ill. 256.

Mr. F. M. Youngblood, for the defendant in error:

The act of 1872, limiting actions upon notes, etc., to ten years, was designed to operate prospectively upon causes of action already accrued.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action in assumpsit, brought by Isham Harrison, executor of Barzilla Silkwood, deceased, upon a promissory note made by the defendants and others on January 25, 1872, to said Silkwood, in his lifetime, for $500, payable two years after date, with ten per cent interest. The pleas were non-assumpsit, and two special pleas. A demurrer was sustained to the two special pleas. The cause was then submitted to the court for trial without a jury, the issue found for the plaintiff, damages assessed at $896.67, and judgment accordingly. The judgment was affirmed by the Appellate Court for the Fourth District, and an appeal taken by the defendants to this court.

The questions presented are as to the sufficiency of the second and third pleas, to which demurrers were sustained. The second plea was the Statute of Limitations,—that the cause of action did not accrue within ten years next before the commencement of the suit.

The action was commenced October 15, 1884. The time of limitation of an action on a promissory note when the note in suit was made (on January 29, 1872,) was sixteen years, under the act of November 5, 1849. By the act approved April 4, 1872, which went in force July 1, 1872, the time of limitation of an action on a promissory note was made ten years. The act of April 4, 1872, expressly repeals the act of November 5, 1849, with this provision in the repealing section: "But this section shall not be construed so as to affect any rights or liabilities, or any causes of action, that may have accrued before this act shall take effect." The question is, which act is to govern here,—the act of November 5, 1849, which was in force at the time of the making of the note, or the act of April 4, 1872, which was enacted and went in force after the making of the note, but before the time of payment of the note, before a cause of action on the note accrued.

The saving clause of the act of 1872 extends not only to causes of action, but to "any rights or liabilities, or any causes of action," which might have before accrued. The time of the payment of the note had not then (at the passage or going into effect of the act of 1872) arrived, and it may be said that a cause of action on the note had not then accrued; but can it be said that there had not accrued any right or liability with respect to the note? The payee had at that time the right to bring suit on the note at any time within sixteen years after it became due, and there was a liability on the part of the makers to be sued upon the note at any time within that period, and it was such right and liability, we think, which it was the intention of the legislature should not be affected by the act of 1872,—that the act was designed to be wholly prospective in its operation, and not to affect contracts then existing. We must think the legislature meant more than causes of action which had accrued, when they say "any rights or liabilities, or any causes of action, that may have accrued." Some additional meaning should be allowed to the words "rights or liabilities." This construction is in accord with the general rule that a statute is to operate *in futuro* only, and is not to be construed to affect past transactions, and that if it is left doubtful what was the real design as to its having a prospective or retroactive effect, the statute must be so construed as to have a prospective effect only. *Thompson* v. *Alexander*, 11 Ill. 55; *Dobbins* v. *National Bank*, 112 id. 553.

The second plea sets up that the note was given for money loaned to Polar Star Lodge No. 652, of A. F. & A. Masons; that the lodge paid divers large sums of money on the note, and after the death of Silkwood, the payee, the plaintiff received from said lodge, in payment of the note, other property of the value of $1400. The plea was palpably defective. It was to the whole cause of action. It did not state what was the property which was received. The plaintiff's duty,

as executor, was to collect the note in money.   He had no authority to exchange it for other property.

We are of opinion the circuit court rightly sustained the demurrers to the two special pleas.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*