JOHN H. McMILLAN *et al.*

° *v.*

CYRUS H. McCORMICK, Jr.

*Filed at Ottawa May 15, 1886.*

1. LIMITATION—*act of 1872—prospective, only.* The limitation law of 1872 was not designed to apply to preëxisting causes of action, which were limited by other acts then in force. As to matters not named in any previous statutes of limitation, that act must be applied.

2. On November 18, 1868, a debtor gave a mortgage on land, containing a power of sale on default of payment, to secure a note of $20,000, payable in

two years, with seven per cent interest. On October 3, 1884, the trustee advertised the property to be sold on November 8, 1884, on which last named day a bill was filed to enjoin the sale, on the ground that the right to fore- close by sale was barred by section 11 of the Limitation law of 1872: *Held,* that the rights of the parties were not affected by the act of 1872, but were governed by the laws in force when the mortgage was given.

3.   The fact that the words "mortgages and deeds of trust" do not occur in any act of limitation prior to the act of 1872, does not exclude them from the operation of the saving clause in section 24 of that act, in favor of causes of action which had accrued before the act of 1872 took effect. The statute which bars the debt, can alone bar the mortgage given to secure it. The debt is the principal thing,—the mortgage but the incident.

4.   Release of mortgage—*rights of purchaser of equity of redemp- tion.* A person acquiring the equity of redemption to a part of mortgaged premises, by sheriff's sale, can not complain that other parts of the premises were released from the mortgage by the trustee, if it was done before his rights attached, or even if after his rights attached, if done without actual notice of them.

5.   Same—*requisites of bill by such purchaser to enjoin sale of part not released.* A purchaser of a part of mortgaged premises under execution against the mortgagor, sought by bill to enjoin a sale of the same under a power in the mortgage, on the ground that the trustee had released a large and valuable portion of the lands mortgaged, other than that bought by the complainant, but the bill failed to show when such release was made: *Held,* that the bill was deficient in failing to show facts entitling the complainant to the relief sought.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Henry M. Shepard, Judge, presiding.

Mr. Robert B. Kendall, for the appellants:

In 1872 the legislature of this State for the first time enacted a law limiting the time within which a mortgage or trust deed might be foreclosed. (Rev. Stat. chap. 83, sec. 11.)   Prior to this statute the rule in equity was, that when an action for the debt became barred, the right to foreclose a mortgage securing the same was also barred. *Pollock* v. *Maison,* 41 Ill. 516; *Locke* v. *Caldwell,* 91 id. 417; *Emory* v. *Keighan,* 94 id. 543.

The general rule is, that the Statute of Limitations in force when the suit is begun governs the case. (Wood on Limitations, sec. 12; 2 Parsons on Bills, 226.) This rule has been followed by the Supreme Court of this State, subject, however, to the proviso, that the whole period prescribed by the statute shall have run against the right or cause of action after the statute became operative. *Tufts* v. *Rice,* Breese, 64; *Rinehart* v. *Schuyler,* 2 Gilm. 473; *Bruce* v. *Schuyler,* 4 id. 221.

This rule of construction, with the proviso above mentioned, prevails in the Supreme Court of the United States. *Sohn* v. *Waterson,* 17 Wall. 596.

Statutes of limitation should receive a favorable construction. Wood on Limitations, sec. 4; *Bell* v. *Morrison,* 1 Pet. 360.

The legislature evidently intended by this new Statute of Limitations to establish a strict and definite bar to all foreclosure proceedings.

Section 24, of the act of 1872, has reference only to the repealed statutes, and merely saves the rights, etc., that were subject to the provisions of those statutes. The mortgage section (11) being an entirely new provision,—no limitation upon the right of foreclosure having been included in the repealed statutes,—it necessarily follows that the saving clause can have no reference to that section. *Gridley* v. *Barnes,* 103 Ill. 211; *Hyman* v. *Bayne,* 83 id. 256.

A bill lies at the suit of the mortgagor, his vendee, or by any one interested, to have a mortgage cancelled as a cloud on the title after it is barred. Story's Eq. Jur. secs. 698, 700, 701; Jones on Mortgages, secs. 1, 214.

It matters not whether the plaintiff, in a bill *quia timet,* are in possession or not, and it is not necessary that the bill should contain any averments as to possession. *Fox* v. *Blossom,* 17 Blatch. 356; *Martin* v. *Graves,* 5 Allen, 601; *Booth* v. *Wiley,* 102 Ill. 34; *Gage* v. *Parker,* 103 id. 528; *Haworth* v. *Taylor,* 108 id. 275; *Redmond* v. *Packenham,* 66 id. 434.

Messrs. Jenkins & Harkness, for the appellee:

Appellants can ask nothing on account of property released from the trust deed, because they do not pretend they were made after the judgments under which they claim were recovered. *Edgington* v. *Heffner,* 81 Ill. 341.

· Even if such release had been made after the date of their judgments, actual notice of their interests must have been given to the holders of the trust deed, or they can ask no credit for the released property. Jones on Mortgages, sec. 723; *Iglehart* v. *Crane,* 42 Ill. 261.

The saving clauses in repealing acts continued in force the limitation laws existing prior to 1872; and the period necessary to bar the note and trust deed was therefore at least sixteen years. · Laws 1872, chap. 83, sec. 24; Laws 1874, (Myers' ed.) 355, being section 2 of the repealing act; *Dickson* v. *Railroad Co.* 77 Ill. 331; *Garrison* v. *People,* 87 id. 96; *Gibbon* v. *Goodrich,* 3 Bradw. 590; *Smart* v. *Morrison,* 15 id. 226; *Means* v. *Harrison,* 114 Ill. 248.

The debt is the principal thing,—the mortgage the mere incident. The position of appellants, that the mortgage is barred when the debt is not, is illogical, and without the support of authority. So long as an action may be maintained on the debt, the right to foreclose exists. *Harris* v. *Mills,* 28 Ill. 44; *Pollock* v. *Maison,* 41 id. 516; *Midley* v. *Elliott,* 62 id. 532; *Flower* v. *Ellwood,* 66 id. 438; *Darst* v. *Bates,* 95 id. 493; *Clinton County* v. *Cox,* 37 Iowa, 570; *Ewell* v. *Daggs,* 108 U. S. 143; *Hogan* v. *Parsons,* 67 Ill. 170; *Priest* v. *Wheelock,* 58 id. 114.

The right of mortgagor and mortgagee to foreclose and to redeem being mutual, reciprocal and commensurable, it follows that if the mortgage of appellee were barred, any rights which·appellants, being out of possession, would have to redeem would also be barred. *Locke* v. *Caldwell,* 91 Ill. 417.

. The limitation section as to mortgages in the act of 1872, relied on by appellant's counsel, was not "an entirely new

provision," as he asserts. Rev. Stat. 1845, secs. 6, 7; Laws of 1849.

The case at bar is entirely distinguished from *Hyman* v. *Bayne*, 83 Ill. 256, and *Gridley* v. *Barnes*, 103 id. 216.

Mr. W. T. BURGESS, also for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Henry H. Walker executed a mortgage, with a power of sale, on the 18th day of November, A. D. 1868, to Gerhard Foreman, to secure the payment of a promissory note for $20,000, with interest at the rate of seven per cent per annum, payable two years after that date. Appellant Thomson purchased a part of the land included in the mortgage, at a sheriff's sale, under a judgment rendered on the 14th day of September, A. D. 1874, and appellant McMillan purchased another part of the land included in the mortgage, at a sheriff's sale, under a judgment rendered in July, A. D. 1875. On the 3d day of October, A. D. 1884, the trustee advertised that the land would be sold on the 8th day of November, A. D. 1884, pursuant to the power in the mortgage, for the payment of the indebtedness thereby secured. This bill was filed on the last named day to enjoin that sale.

The principal ground relied on is, that the time when the sale is advertised to be made is more than ten years after the right to make the sale accrued, and that the sale is therefore barred by the 11th section of the act in regard to limitations, in force July 1, A. D. 1872. That section is: "No person shall commence an action or make a sale to foreclose any mortgage, or deed of trust in the nature of a mortgage, unless within ten years after the right of action or right to make such sale accrued." The 24th section of the same act, however, after repealing the several acts in regard to limitations previously in force, concludes thus: "But this section shall not be construed so as to affect any rights or liabilities,

or any cause of action, that may have accrued before this act shall take effect." (2 Gross' Stat. 1873, pp. 258, 259.) In the revision of 1874 this section is omitted, and in chapter 131, section 5, the former statutes of limitations are repealed, with this saving clause: "When any limitation law has been revised by this or the Twenty-seventh General Assembly, and the former limitation law repealed, such repeal shall not be construed so as to stop the running of any statute, but the time shall be construed as if such repeal had not been made."

In *Dickson* v. *Chicago, Burlington and Quincy Railroad Co.* 77 Ill. 331, we held that the above words, "this section," should be construed to mean, "this act," so that the section would read, "but this act shall not be construed so as to affect any rights or liabilities," etc. In *Means et al.* v. *Harrison, Exr.* 114 Ill. 248, we held that a promissory note executed on January 25, A. D. 1872, payable two years after date, was not, on the 15th day of October, A. D. 1884, when suit was brought, barred by the 16th section of this act, which requires that actions on promissory notes shall be commenced within ten years next after the cause of action accrued, but that the case was governed by the act of the 5th of November, A. D. 1849, which was in force when the note was executed. It was, among other things, there said, after construing the saving clause to the effect that it extended to notes that had been executed but which were not yet due when the act took effect: "This construction is in accord with the general rule that a statute is to operate *in futuro* only, and it is not to be construed to affect past transactions, and that if it is left doubtful what was the real design as to its having a prospective or retroactive effect, the statute must be so construed as to have a prospective effect only. *Thompson* v. *Alexander*, 11 Ill. 55; *Dobbins* v. *National Bank*, 112 id. 553."

It is conceded that that case would be conclusive on the question of limitation here, had mortgages been specifically named in any preceding limitation act, but it is contended

they are not so named, and therefore the case is governed by *Hyman* v. *Bayne,* 83 Ill. 256, and *Gridley* v. *Barnes,* 103 id. 216, where it was held that the construction given in *Dickson* v. *Chicago, Burlington and Quincy Railroad Co. supra,* to the same clause of section 24, was applicable only to cases included in previous limitation acts, but that it did not apply to cases not included in such acts, and therefore, as to such cases, the periods of limitation specified in the act in force July 1, 1872, must be applied. It is true the words, "mortgages and deeds of trust," do not occur in any act of limitation previous to that in force July 1, 1872; but this court has held that such instruments were barred by limitation laws previously to the act on that subject adopted in 1849, and by that act, since its adoption, both in proceedings in equity and in actions at law.

Where there is a covenant in the mortgage or deed of trust for the payment of the debt, which is perhaps rarely the case, it can need no argument to show that the instrument would be in nowise, so far as affects this question, different from any others specially for the payment of money, and therefore the statute of limitations applicable to instruments of that character in general, would be applicable to it. But as to mortgages or deeds of trust which are not given as being themselves obligations for the payment of debts, but simply as pledging property for the payment of debts evidenced in some other way, a different question is presented.

In *Harris* v. *Mills et al.* 28 Ill. 44, it was held, in a proceeding to foreclose a mortgage, that where the note for the security of which the mortgage was given is barred by the Statute of Limitations, so that there could be no recovery thereon in an action at law, the right to foreclose is also barred, and this was said to be because it is held that the debt is the principal thing, and the mortgage is but the incident. The consideration which supports the note supports the mortgage. An assignment of the note operates *ipso facto*

to transfer the mortgage, and a payment, release or other discharge of a note satisfies and releases the mortgage.

In *Pollock et al.* v. *Maison et al.* 41 Ill. 516, ejectment was brought by a grantee of the mortgagee against the heirs at law of the mortgagor, and it was there held that the debt secured by the mortgage being barred, there could be no recovery. The court, among other things, said: "The notes were barred by the statute at the expiration of sixteen years after their maturity, and the bar to the debt having become complete, plaintiff in error had a right to interpose that bar to prevent a recovery in ejectment." Of course the ejectment was not a suit for foreclosure, but it was a legal mode of enforcing rights of the mortgagee under the mortgage, and if the mortgage was not barred at law, the mortgagee was entitled to recover. The case shows that the Statute of Limitations of sixteen years was held a good defence in an action at law on a mortgage given to secure the payment of a promissory note.

In *Medley et al.* v. *Elliott et al.* 62 Ill. 533, the above cases were cited with approval, and in discussing what period of. limitation applied in that case, it was said, after quoting from Chancellor Kᴇɴᴛ's opinion in *Jackson* v. *Willard*, 4 Johns. 40 : "Until foreclosure, or at least until possession taken, the mortgage remains in the light of a *chose in action.* It is but an incident attached to the debt, and in reason and propriety it can not, and ought not, to be detached from its principal. The mortgage interest, as distinct from the debt, is not a fit subject of assignment. It has no determinate value. If it should be assigned, the assignee must hold the interest at the will and disposal of the creditor who holds the bond." It was added : "It naturally follows that the Statute of Limitations, which bars the debt, the principal, can alone bar the mortgage, the incident." *Emory* v. *Keighan et al.* 88 Ill. 482, and the same case again in 94 Ill. 482, was ejectment, and follows *Pollock* v. *Maison, supra.*

Other cases of like character might be referred to, but it is unnecessary. This is sufficient to show that before the enactment of the section under consideration it was the settled law of this State that mortgages were within the Statute of Limitations, and barred thereby. The ruling assumed that it is not necessary that the word "mortgage," or "deed of trust" shall be expressed in the statute; that when the principal thing is named, that which is incident to it is necessarily implied, and that inasmuch as the mortgage or deed of trust is but an incident to the debt, and can have no existence as an obligation or conveyance independently of the debt,—or, in other words, that as it is merely an aid or instrumentality in the collection of the debt,—any proceeding through or by means of it is just as much intended by the statute as actions of debt, covenant or assumpsit. And hence when it was enacted the debt was barred in sixteen years, it was meant and intended the mortgage, or deed of trust securing it, was also, by the same words, barred in sixteen years. In naming the principal thing its incident is included. We feel constrained, therefore, to hold that the case is not analogous to *Hyman* v. *Bayne*, and *Gridley* v. *Barnes, supra*, and that in principle it is not distinguishable from *Means* v. *Harrison, supra*.

There is an allegation in the bill "that a large and valuable portion of the lands conveyed by said trust deed, other than the lands of the complainants, has been released by said trustee." When this was done is not alleged. If it was done before the rights of complainants attached, it is plain that it does not concern them. If it was done since their rights attached, but without actual notice of them, they are not entitled to complain. (*Iglehart* v. *Crain*, 42 Ill. 261.) It was incumbent on the complainants to affirmatively allege a state of case entitling them to relief.

We perceive no cause to disturb the judgment of the Appellate Court. It is affirmed.

*Judgment affirmed.*