## JAMES S. WOOLEY
## v.
## WILLIAM R. YARNELL.

*Mortgages— Foreclosure— Limitations— Sec. 20,  Chap. 83, R. S.—
Removal of Mortgagor to Another State.*

The fact that a mortgagor of property located in this State, removed
to and has resided in another State for such a length of time as will defeat an
action at law upon the note given by him, will not affect the right to pro-
ceed in chancery to foreclose.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Christian County; the
Hon. JACOB FOUKE, Judge, presiding.

Messrs. J. C. ESSICK and J. C. McBRIDE, for appellant.

Messrs. GROSS & BROADWELL and J. H. YARNELL, for ap-
pellee.

CONGER, P. J.  This is a bill in chancery to foreclose a mortgage.  The principal facts are, on January 1, 1869, appellant, James S. Wooley, lived at Pana, Illinois, where he owned a farm.  On that day he borrowed from John F. Spaulding, who resided in Boston, Massachusetts, $1,500, and executed and delivered to Spaulding the following note:

"$1,500.                    PANA, ILLINOIS, January 1, 1869.

"Five years after date, I promise to pay John P. Spaulding, or order, fifteen hundred dollars, for value received, with eight per cent interest, payable annually, and payable in the city of Boston, Mass., and secured by a real estate mortgage, lawfully stamped.

                              "J. S. WOOLEY."

On the back of which appeared the following:

"Interest paid to date, January 1, 1870.  Without recourse.
                              "JOHN P. SPAULDING,
                              "E. W. YARNELL."

Wooley and his wife on the same day of the date of the note executed a mortgage on their farm, to secure said note, which was duly acknowledged and recorded.

About 1877 Mrs. Wooley died, and in August, 1881, Wooley removed to and took up his residence in the State of New Hampshire, where he still resides.

In 1889 Spaulding made a present of the note to Mrs. Electa W. Yarnell, a daughter of Wooley, and she sold and delivered it to appellee, William R. Yarnell, who files the bill in the present case.

The Statute of Limitation of Illinois of ten years was set up, but as we do not think that section applies, and as it is not insisted upon by appellant in his brief, we shall not stop to notice it.

Appellant in his brief says:  This case involves but one legal question.  It is a question arising under our Statute of Limitations.  Sec. 20, Chap. 83, R. S., provides:

"When a cause of action has arisen in a State or Territory out of this State, or in a foreign country, and by the laws thereof an action thereon can not be maintained by reason of the lapse of time, an action thereon shall not be maintained in

Wooley v. Yarnell.

this State." Under this section of our statute appellant pleaded as a defense his residence in the State of New Hampshire for more than six years before the commencement of this action; and the Statute of Limitation of New Hampshire, which provides that "actions of trespass to the person, and actions for defamatory words may be brought in two years, and all other personal actions within six years, after the cause of action accrues, and not afterward."

It is insisted by appellant that when Wooley removed to the State of New Hampshire in 1881, and became a resident of that State, a cause of action arose in the State of New Hampshire against him upon the note, and that after the lapse of six years such cause of action would be barred in New Hampshire, and by virtue of Sec. 20, Chap. 83, of the Illinois Statute, no action could be maintained in this State upon the note, and cites Hyman v. Bayne, 83 Ill. 256, and Hyman v. McVeigh (unreported), 10 Legal News, 157, in support of this view.

In the latter case the Supreme Court say: "The words, 'when a cause of action has arisen,' as they occur in the statute pleaded, should be construed as meaning, when jurisdiction exists in the courts of a State to adjudicate between the parties upon the particular cause of action, if properly invoked—or in other words, when the plaintiff has the right to sue the defendant in the courts of the State upon the particular cause of action, without regard to the place where the cause of action had its origin. This was the view taken in Hyman v. Bayne, *supra*, although not discussed at length in the opinion, and we do not conceive that the question need be discussed now." The doctrine as contended for by appellant would seem to be supported by the foregoing language so far as an action on the note alone is concerned.

But we are inclined to think that the decree of foreclosure rendered by the court below may be sustained notwithstanding the above language should be admitted to be sound law.

The present case is not an action on the note, but a proceeding in chancery to foreclose the mortgage. A proceeding *in rem*, of which the courts of New Hampshire never did have

jurisdiction, and for that reason, we think, is not included in the provisions of Sec. 20 of our Limitation Act.

We are aware of the doctrine repeatedly announced by the courts of this State, that a mortgage is but an incident to the debt, and when the debt is barred, the mortgage is also barred and can not be foreclosed. That this is the general doctrine will not be disputed by any one. It rests upon the principle that a note and mortgage may be enforced separately or together, and when those rights have both existed during the life of the note, there is no hardship in holding that the mortgage dies with the note. But in the present case, if the doctrine of Hyman v. McVeigh is to govern, the courts of New Hampshire may have had jurisdiction to collect the note, but did not have to foreclose the mortgage, and therefore in equity and good conscience it ought to remain a valid claim against the mortgagor, enforcible by our law, even though the note could not be collected by an action at law. While compelled to recognize the rule laid down in Hyman v. McVeigh, we are not disposed to extend it beyond the facts of that case.

We do not believe it to be sound law, that one holding a mortgage security for his debt, which is ample, and upon which he is willing to rely, without reference to the personal responsibility of his debtor, and who proceeds, according to the laws of this State, to enforce his claim against the mortgaged property, can be defeated because the mortgagor may have resided in another State for such length of time as would defeat an action at law upon the note.

Believing that the decree of the Circuit Court in foreclosing the mortgage was right, it will be affirmed.

*Decree affirmed.*