# JAMES S. WOOLEY
## v.
# ELECTA W. YARNELL.

*Limitations—Effect of Non-Residence—When Does Cause of Action Arise.*

Sec. 20 of Statute of Limitations of this State, providing "that when a cause of action has arisen in a State or Territory out of this State, or in a foreign country, and by the laws thereof an action thereon can not be maintained by reason of the lapse of time, an action thereon can not be maintained in this State," has no application to a case where a cause of action arises in this State against a defendant residing here, and thereafter such defendant removes to another State.

[Opinion filed April 11, 1892.]

IN ERROR to the Circuit Court of Christian County; the Hon. J. FOUKE, Judge, presiding.

Messrs. J. C. ESSICK and J. C. McBRIDE, for plaintiff in error.

Messrs. GROSS & BROADWELL, and JAMES H. YARNELL, for defendant in error.

MR. JUSTICE BOGGS. The plaintiff in error, while a resident of Illinois, made, executed and delivered in the State of Massachusetts to one John P. Spaulding, then, and continuously since then, a resident of the State of Massachusetts, a note, of which the following is a true copy:

"$620.   One year after date I promise to pay John P. Spaulding, or order, six hundred and twenty dollars, with interest at eight per cent.

"Pana, Illinois, Nov. 2, 1869.

(Signed)   "J. S. WOOLEY."

Upon which are the following indorsements :

"Rec'd Nov. 28, 1870, $120 on within note."

"Rec'd Sept. 29, 1870, the interest on the within note to Nov. 2, 1870."

The note remained the property of the payee, Spaulding, until the first day of January, 1889, when it was assigned by him to the defendant in error.

The maker (the plaintiff in error) continued to reside in Illinois until the 13th day of August, 1881, when he removed to and became a resident of the State of New Hampshire, where he has since continuously resided, his place of residence in that State being during all·the time well known to said Spaulding and also to the defendant in error. Actions on promissory notes can be brought, according to the law of New Hampshire, within six years after an action accrues, and not thereafter. The note appears upon its face to have been made in Illinois, but it is stated in the 7th special plea, to which a demurrer was sustained, that the note was executed and delivered in Massachusetts, and this allegation of the plea as to the execution of the note must be accepted as true as the ruling of the court on the demurrer is assigned for error. On the twentieth day of July, 1889, the defendant in error began in the Circuit Court of Christian County a suit against plaintiff in error in attachment to enforce the collection of the note. A declaration in assumpsit containing but one count describing the note was filed, to which the plaintiff presented a plea of the general issue and seven special pleas. It would serve no useful purpose to set out in detail these pleas, or the issues of law or facts formed upon them further than to say that the plaintiff in error by the pleas interposed as defenses the statutes of limitations of Illinois and of New Hampshire, and that the facts as we have stated them are legal deductions from the state of such pleadings. The case was submitted to the court without a jury and a judgment rendered against the plaintiff in error for $1,283.31, to reverse which this writ of error is prosecuted.

The only question arising upon the record is whether the action is barred by either the laws of Illinois or of New Hampshire as enforceable in Illinois. The time of limitation in Illinois of an action on a promissory note when the note in the case at bar was made and when it fell due was six-

teen years, under the act of November 5, 1849, and so continued as to this note wholly unaffected by the act of April 4, 1872, limiting the time in which such actions might thereafter be brought to ten years. Means v. Harrison, 114 Ill. 248. The note fell due on the 2d day of November, 1870. The plaintiff in error then lived in Illinois, and a cause of action for the recovery of the amount due upon the note then arose in Illinois. The statute of limitations of Illinois then began to run and would, if not impeded or suspended, operate to bar any action not instituted within sixteen years. This action was begun more than nineteen years (but less than twenty) after the right or cause of action accrued. It is, however, provided by Section 18, Chapter 83, R. S. (Limitations) that "If after the cause of action accrued he '(the debtor) departs from and resides out of this State the time of his absence is no part of the time limited for the commencement of an action." The plaintiff in error did, on the 13th day of August, 1881, depart from and reside out of the State, and since then has continuously resided in New Hampshire, thus suspending the operation of the statute of limitation during all the time since the date of his departure. Only eleven years of the period of sixteen years allowed in which to bring the action, had expired when this plaintiff in error departed from this State. At all times since then, by force of Sec. 18, the right and cause of action on the note existed in full force and vigor and wholly unimpaired in this State, though because of his absence it could not be exercised in the way of a personal action against him. The institution of this attachment proceedings by the owner and holder of the note was a lawful exercise of this right of action. 13 Amer. and Eng. Ency. of Law, page 744; Emory v. Keighan, 94 Ill. 543.

The plaintiff in error voluntarily subjected himself to the jurisdiction of our courts by filing pleas in the case. He, however, contends that while so absent from Illinois and while the cause of action, as we have seen, was still existing against him in full force in Illinois, but which could not be exercised by a proceeding *in personam* because he was

without the jurisdiction of the courts of Illinois, a bar grew up in the State of New Hampshire so that under the laws of that State he could not be sued there upon the note. The bar, thus declared by the laws of New Hampshire, he insists, bars the action otherwise existing here.

This insistance is based upon Sec. 20, Chap. 83, R. S., entitled " Limitations," which is as follows : " When a cause of action has arisen in a State or Territory out of this State or in a foreign country, and by the laws thereof an action thereon can not be maintained by reason of the lapse of time, an action thereon can not be maintained in this State."

The causes of action barred by this 20th section are such only as " arise in a State or Territory out of this State."

We have seen that the cause of action in the case at bar arose in this State. It is, however, urged that our Supreme Court in the case of Hyman v. McVeigh, noted among the unreported cases on page 807 of the 87th Ill. and reported in 10th Legal News, page 157, has construed the words " when a cause of action has arisen," as they occur in Sec. 20 under consideration, as meaning, " when jurisdiction exists in the courts of a State to adjudicate between parties upon a particular cause of action, if properly invoked, or in other words, when the plaintiff has the right to sue the defendant in the courts of the State upon a particular cause of action *without regard to the place where the cause of action had its origin.*" Hence plaintiff in error insists that as the holder and owner of the note had the right to sue him in the courts of New Hampshire upon the note, that a cause of action within the meaning of the words used in Sec. 20 then arose in New Hampshire, and that as no action was brought in that State within the period limited by its laws the cause of action became barred there, and being barred there is barred here by the force and operation of such Sec. 20. We are referred also to the case of Hyman v. Bayne, 83 Ill. 256, in which it is held that the statute of limitations in force prior to 1872, when both parties have at all times resided continuously out of the State for the statutory period, bars

a recovery, and that the provision that the time any defendant is absent from the State shall not be counted and allowing suit after his return, does not apply to non-residents who have never been in the State.

We profess and entertain the highest respect for the decisions of our Supreme Court and are ready to follow its rulings upon all questions which have received its attention, not only because we are charged so to do by the law, but also because of the learning and ability of its members, and the deservedly high standing of its opinions. It is, however, a maxim not to be disregarded that general expressions in every opinion are to be taken in consideration with the facts of the case in which the expressions are used and regarded only as binding authority upon the precise point presented for determination. Mayer v. Erhart, 88 Ill. 452.

It will be found upon examination of the facts as set out in the pleas recited in the opinion in the case of Hyman v. Bayne, *supra*, that neither of the parties to the cause ever resided in Illinois. The abstracts and records on file in the office of the clerk of the Supreme Court at Ottawa, in the unreported case of Hyman v. McVeigh, were examined by Mr. Justice Lacey of the Second Appellate District, and in that case it was found, as in Hyman v. Bayne, that neither of the litigants had ever been residents of Illinois. Story v. Thompson, 36 Ill. App 370.

The question then presented to our Supreme Court in each of these cases was: Can a person who was never a resident of Illinois, when sued in the courts of this State by a person who also was never a resident, plead in defense that the action is barred by the law of the State of which he is a resident? Manifestly he can, for the reason that the cause of action must have arisen out of Illinois. So our Supreme Court held, and in doing so made use of the expression that the words, "when a cause of action has arisen," as used in Sec. 20 of our limitation laws should be construed to mean, "when jurisdiction exists in the courts of a State to adjudicate between the parties upon a particular cause of action if properly invoked, without regard to the place where the cause of action had its origin."

No one will question the correctness of this expression when it is limited in its application to two litigants, each of whom are residents of other States and neither ever a resident of Illinois. In such cases, if one of such non-residents implead the other in Illinois, the defendant may avail himself of the fact that the action is barred by the law of any State of which he is or was a resident for a sufficient length of time to complete the bar under the laws of that State, without regard to whether the place where the cause of action had its origin was the State of the plaintiff or the defendant. In such case the cause of action could not have had its origin in Illinois and the general expression used by the court that the place of origin of the cause of action is immaterial must be understood as applicable only when the cause of action has arisen out of this State. It must not be understood from the general expression referred to that a resident debtor of Illinois may, after a right or cause of action has accrued against him in this State, depart into another State and insist that his creditor shall follow him and invoke the aid of the courts of that State within the period allowed by the laws thereof or be barred of his action not only in that State but also in the courts of Illinois. To so apply the general expression would be to nullify Sec. 18 of our limitation law, which provides that a departing debtor need not be followed, but that the creditor's right is preserved intact and may be resorted to whenever the courts of Illinois can obtain jurisdiction of the debtor or of his property. We understand our Supreme Court to hold in the cases referred to, that as between parties neither of whom resided in Illinois when the cause of action accrued, the court will, under Sec. 20, apply the bar of the statute of any State in which the defendant is a resident as a bar in this State. Thus construed, both sections 18 and 20 are given harmonious operation.

The Appellate Court of the Second District in the case of Story v. Thompson, 36 Ill. App. 370, had under consideration practically the same questions that are here involved, and reached the same conclusions arrived at by us.

That case, however, differed from the case at bar in the fact that the plaintiffs were at all times residents of Illinois, while in the case at bar the owner and holder of the note when the action arose and during the lapse of time relied upon as a bar was a non-resident. The view that the object of Sec. 18 was to favor residents of the State, it can not be denied had influence with that court and contributed largely to the decision of the case. We likewise admit the force of that consideration but conceive that Sec. 18 is applicable as well in favor of a non-resident creditor, if the debtor be a resident when the debt is contracted and when it falls due. The General Assembly when enacting Sec. 18 had under consideration its applicability to residents and non-residents. The concluding paragraph of the section is as follows:

"But the foregoing provisions of this section shall not apply to any case when at the time the cause of action accrued or shall accrue neither the party against or in favor of whom the same accrued or shall accrue were or are residents of the State."

We are not authorized to import into the section a further paragraph excepting from its operation cases where only one of the parties was a non-resident. If the General Assembly had intended also to exclude cases where the creditor only was a non-resident it seems reasonable to conclude that they would have done so. Without such an express exception Sec. 18 is applicable in favor of a non-resident creditor of a resident debtor. And that being so we can not assent to the proposition that the time of the absence of a debtor from this State can be pleaded in bar of a cause of action which accrued while he resided in this State.

During such absence the right and cause of action was preserved by our laws and can not be barred by the laws of another State.

The rulings of the Circuit Court were, we think, correct, and its judgment must be affirmed.

*Judgment affirmed.*