### Samuel C. Parks and Elizabeth A. Parks v. A. D. Cadwallader, Executor of the Last Will and Testament of Annie B. Turley, Deceased.

1. SUBROGATION—*Arises by Operation of Law.*—Subrogation arises by operation of law and not by contract. It operates to equitably assign to a surety who has paid an obligation of a principal debtor, any securities or liens held by the creditor against such principal debtor.

Parks v. Cadwallader.

2. LIMITATIONS—*Absence from the State.*—Absence from the State after a cause of action accrues, will be deducted from the period fixed by Ch. 83, R. S., entitled, "Limitations," in which to begin an action.

3. CONSIDERATION—*Seal Imports.*—A consideration is *prima facie* presumed from a seal attached to the instrument.

4. ESTOPPEL—*By Averments in a Bill*—A complainant is not to be irrevocably concluded by averments made in his bill.

5. DECREES—*When Not Personal.*—A decree in foreclosure, which directs that the defendant pay the amount found due to the complainant within thirty days, and if default be made in such payment the mortgaged land be sold, is not a personal decree, but an alternative one, that the money be paid, or that the land be sold.

Memorandum.—Foreclosure proceedings. Error to the Circuit Court of Logan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

BRIEF OF PLAINTIFFS IN ERROR, OSCAR ALLEN, ATTORNEY.

When the debt is barred by the statute of limitations the mortgage is gone and has effect no longer. Emory v. Keighan, 88 Ill. 485; Harris v. Mills, 28 Ill. 44; Jones on Mortgages, Sec. 1207.

When it is barred in another State it is barred here. See Hyman v. Bayne, 83 Ill. 256; Humphry v. Cole, 14 Ill. App. 56; Osgood v. Artt, 10 Fed. Rep. 365.

A surety is not entitled to recover till he pays. White & Tudor, Leading Cases Equity, 152; Conwell v. McCowan, 53 Ill. 364; Darst v. Bates, 51 Ill. 439.

Nor can he recover more than he shows he is damnified. White & Tudor, L. C. Eq., 150, 154.

Nor even if he has given his bond or note as payment. Taylor v. Higgins, 3 East, 169; Cumming v. Hackley, 8 Johns. 202.

BRIEF FOR DEFENDANT IN ERROR, BEACH & HODNETT, ATTORNEYS.

The defendant's absence from State is to be deducted where, after the cause of action accrues, he departs from and resides out of the State. Starr & Curtis' Statutes, Chap. 83,

Sec. 18, Vol. 2, p. 1556; Wooley v. Yarnell, 39 Ill. App. 595, 142 Ill. 442.

A husband's indebtedness is a valid consideration for mortgage given by wife on her lands to secure such indebtedness. Edwards v. Schoeneman, 104 Ill. 278; Washburn, receiver, v. Roesch et al., 13 Brad. 268; Brokaw et al. v. Field et al., 33 Ill. App. 138.

The makers of a mortgage are estopped from denying the indebtedness set forth therein. Brokaw v. Field et al., 33 Ill. App. 138; Wynkoop v. Cowing et al., 21 Ill. 570.

The rule applies to married women in respect to their separate property. Anderson v. Armstead, 69 Ill. 452; Bergen v. Keeser, 17 Brad. 505.

Where a note is received in payment of original debt this will be sufficient payment to enable party so paying to maintain an action on indemnity security. Gage v. Lewis, 68 Ill. 604; Ralston et al. v. Wood, 15 Ill. 171; Smalley v. Eddy, 19 Ill. 207; Hitt v. Sharer, 34 Ill. 9.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This is a writ of error sued out by the plaintiffs in error, who are husband and wife, to obtain the reversal of a decree of foreclosure, rendered in favor of the defendant in error, the executor of the last will of Annie B. Turley, deceased.

It appears from the evidence that the plaintiffs in error on the 27th day of December, 1882, conveyed to Richard E. Turley, now deceased, then the husband of Annie B. Turley, deceased, certain tracts of land, and that on the next day the lands were conveyed by Richard E. Turley to the plaintiff in error, Elizabeth A. Parks, who, together with her husband, the other plaintiff in error, at the same time executed and acknowledged a mortgage on the same lands to Richard E. Turley, which mortgage recited that it was given " to secure the payment of a certain promissory note executed by said Samuel C. Parks as principal, and by said Richard E. Turley as said Parks' security, to William Mc-Cague, some time about the year 1873, and now owned by

the State National Bank of Springfield, Illinois, upon which there is now due about $4,950."

It is this mortgage which was foreclosed by the decree sought to be reversed.  The note produced in evidence as being the one secured by the mortgagee is as follows :

" Five years from date we jointly and severally promise to pay to William McCague or order the sum of five thousand dollars ($5,000) with interest thereon at the rate of ten per cent per annum, payable annually, and if not paid when due each year the principal to become due by such default.

August 9, 1873.

(Signed)   Richard E. Turley,<br>Samuel C. Parks."

It appears satisfactorily from the evidence that this note is the one referred to in the mortgage.   It further likewise appeared that Richard E. Turley, on the 25th day of June, 1884, gave his individual note to McCague, who accepted it in lieu of the note covered by the mortgage, and thereupon surrendered and delivered the latter mentioned note to Turley, and moreover assigned the same to him by indorsement thereon.   Afterward he, by gift, transferred and delivered the note and mortgage to Annie B. Turley, who owned them at the time of her death.

Samuel C. Parks, together with his wife, Elizabeth, were residents of Logan county, Illinois, when the note was given and when the mortgage was executed, and so remained until after the maturity of the note, and until the same had been paid or settled by Richard E. Turley.   They removed to the State of Kansas on the 20th day of September, 1886, and have since remained there.   It is contended and pleaded that all remedies for the legal enforcement of the liability created by the mortgage are barred by the statute of limitations of the State of Kansas; and that for that reason the present action is also barred by the force and effect of Sec. 20, Chap. 83, of our Revised Statutes, entitled " Limitations." We think not, but that the case falls within the saving provisions of Sec. 18 of the same chapter as construed and applied by this court in the cases of Wooley v. Yarnell, 39 Ill. App. 595, and same v. same, 46 Ill. App. 112, both of which

decisions were affirmed by the Supreme Court of the State upon appeal. Some slight effort was made to deny that the debt to McCague was that of Parks, but we think the contention of the defendant in error upon this point abundantly sustained by the proofs in the record, and is moreover sufficiently established by the recital and admission to that effect contained in the mortgage.

It is insisted that Richard E. Turley paid the note to McCague as surety for Parks, and obtained only such rights as inure by way of subrogation, and that such right of subrogation was a personal one and could not be transferred to Annie B. Turley. Subrogation arises by operation of law and not by contract. It operates to equitably assign to a surety who has paid an obligation of a principal debtor, any security or liens held by the creditor against such principal debtor. McCague had no securities or liens as against Parks, and we are unable to see that the doctrine of subrogation is at all involved.

Turley secured by the mortgage a lien upon the lands available to him as a legal and equitable contract for the security of such indebtedness as might thereafter be created against Parks by the payment to McCague. No reason is perceived nor is any suggested why such an indebtedness and lien could not be so created, nor why, if so created, it could not pass equitably to, and be enforced by another as against the makers of the mortgage. It is suggested that there was no consideration for the undertaking set out in the mortgage as against Elizabeth A. Parks, the owner of the land. Her husband was, on the day before the execution of the mortgage, the owner of the land. He and Elizabeth A. transferred it to Richard E. Turley, who immediately conveyed it to Elizabeth, taking at the same time the mortgage from her and her husband. When these deeds and mortgages are considered, as they are to be, as constituting but parts of a single transaction, the consideration necessary to uphold the contract sufficiently appears, even if it were not to be *prima facie* presumed from the character of the instrument sought to be enforced, which being sealed, imports a consideration.

The contention of the plaintiffs in error that the decree should be reversed because it was proven that the note due to McCague was discharged by a note given him by Turley and not proven that the latter note had been paid, is not tenable. McCague received Turley's note in full satisfaction of the note of Parks and Turley referred to in the mortgage, and delivered and assigned the latter note to Turley. This effected to completely discharge the obligation of Parks to McCague and was in legal effect a payment as fully as if McCague had been paid in current money. Ralston v. Wood, 15 Ill. 171; Gage v. Lewis, 68 Ill. 604. It is objected that the amount of the debt as found by the decree is too large. The brief of counsel for plaintiffs in error presents a computation in support of the objection, in which it is assumed as the basis of the calculation, there was due on the 18th day of October, 1888, only the sum of $6,092.27. This assumption is based upon the statement in the bill of foreclosure filed by the complainants below on that day, " that there is now due upon the note and mortgage heretofore described and which is still unpaid, about the sum of $6,082.27." A careful computation shows that there was then due a sum greater than that named in the bill as the probable amount, and this discrepancy constitutes the supposed excessive amount in the decree. It is idle to urge that the complainant was irrevocably concluded by the averment made in the bill. The complaint that the court rendered a personal money decree against Elizabeth A. Parks is wholly groundless. It is true that it is ordered, adjudged and decreed that the plaintiffs in error pay the amount found due to the defendant in error within thirty days, but the decree is that if default be made in such payment, the land shall be sold. There is no decree for any deficiency that may remain after the sale, nor any declaration of personal liability against Elizabeth A. Parks. The decree is an alternative one, that the money be paid within thirty days, or that the land be sold if not so paid.

We find no error in the record. The decree is affirmed.