SAMUEL HAZELL, plaintiff in error, *vs.* CHARLES A. SHELBY, defendant in error.

| 11 | 9 |
|----|----|
| 21a | 35 |
| 11 | 9 |
| 157 | 538 |

*Error to Massac.*

That part of the third section of the sixty-sixth chapter of the Revised Statutes, which provides that "every action upon the case for words, shall be commenced within one year next after the words spoken, and not after," is not broad enough to include actions for libel, but is confined exclusively to actions for verbal slander.

It is a familiar principle, that a statute of limitations shall not be applied to cases not clearly within its provisions.

This was an action for libel by Hazell against Shelby. Shelby pleaded the statute of limitations, that he was not guilty, within one year of the time of the commencement of the suit. To which plea there was a general demurrer, and joinder. The demurrer was overruled at May term, 1849. Case was heard before Denning, Judge. The defendant in the Circuit Court sued out this writ of error.

The error assigned, was the sustaining of the demurrer to the plea.

J. DOUGHERTY, for plaintiff in error, says:

That the action for written slander is not barred at the expiration of one year, and is only barred at the expiration of five years from and after the publishing thereof, and refers to Revised Statutes, page 349, sections 1 and 3.

The statute of limitations is to be strictly construed. See Angell on Limitations, page 532; 1st Starkie on Slander, page 473–4.

T. G. C. DAVIS, for defendant in error:

Limitations of actions are founded on considerations of public policy. Angell on Limitations, page 7, sec. 9. They have for their end, the prevention of litigation, and should be strictly interpreted to give quiet and repose to society.

Every thing should be included which is not exempted from or excepted out of the operation of the statute of limitations, especially in actions for tort.

The rule of decision in Mississippi should be adopted here. Angell on Lim., page 326, note.

Opinion by TREAT, C. J.:

This was an action for libel. The defendant pleaded that the

2

cause of action did not accrue within one year before the commencement of the suit. The Court overruled a demurrer to the plea, and judgment was entered for the defendant.

If the plea can be sustained, it must be on the ground that the cause of action is embraced by the 3d section of the 66th chapter of the Revised Statutes, which provides that "every action upon the case for words shall be commenced within one year next after the words spoken, and not after." This section is not broad enough to include actions for libel, but is confined exclusively to actions for verbal slander. It is strictly applicable in its terms to the latter class of actions, and cannot be extended by construction to other actions, although the same reasons may exist for limiting them. It is a familiar principle that a statute of limitations shall not be applied to cases not clearly within its provisions.

A British statute limited the bringing of actions for words spoken to two years, and it was held by the courts not to extend to libels. Angell on Limitations, 325.

Cases within the reason, but not within the words of the statute, are not barred, but may be considered as omitted cases, which the legislature did not deem proper to limit. See Bedell *vs.* Janney, 4 Gilman, 193, and authorities there cited. The Circuit Court erred in overruling the demurrer to the plea. Whether the action for written slander is barred in five years, under the first section of the chapter before referred to, or whether it is a *casus omissus*, are questions which need not now be decided.

The judgment of the Circuit Court is reversed, with costs, and the cause is remanded for further proceedings.

*Judgment reversed.*