B. AND J. M. BEESLEY, Plaintiffs in Error, *v.* AARON W. SPENCER, Defendant in Error.

### ERROR TO MASON.

The limitation law in force at the time a cause of action accrues, governs the time within which an action will lie.

A note drawn on the 23rd day of January, 1849, and which fell due on the first day of January, 1850, is governed by the limitation law of November, 1849.

THIS was an action of assumpsit in the Mason county Circuit Court, by plaintiffs in error against defendant in error. The facts are stated in the opinion.

LYMAN LACEY, for Plaintiffs in Error.

C. J. DILWORTH, for Defendant in Error.

WALKER, J. This was an action of assumpsit, instituted on the assignment of a promissory note, The ground of recovery is alleged to have been the insolvency of the maker, at the time of the maturity of the note. It was executed on the 22nd day of January, 1849, and was payable twelve months after date, and was indorsed by the payee, without date. The defendant interposed a plea of the statute of limitations, which averred that the causes of action contained in the declaration did not accrue to the plaintiffs within five years next before the commencement of the action. To this plea the plaintiff interposed a demurrer, which was overruled by the court, and the plaintiffs abiding by their demurrer, judgment in bar of the action was rendered, and the assignment of errors, on this record, questions the correctness of that judgment.

By the first section of the limitation act of 1845, the action of assumpsit was barred after the expiration of five years from the time the cause of action accrued. This act was, however, amended by the law of the 10th of February, 1849, which took effect on the 13th of April following. That act, by its provi-

sions, limited the maintenance of all actions upon any promissory note, bill of exchange, book account, or simple contract, to the period of five years after the cause of action accrued. The act of the 5th of November, 1849, (Scates' Comp. 752), provides that all actions founded upon any promissory note, simple contract in writing, bond, judgment or other evidence of indebtedness in writing, made, caused, or entered into after its passage, shall be instituted within sixteen years after the cause of action shall accrue, and not thereafter. Our limitation laws were again amended on the 17th day of February, 1851, (Scates' Comp. 753), by an enactment of that date. This last act provides that all causes of action which accrued during the period the act of February 10, 1849, was in force, and when a different period is prescribed by that act, from the one provided by the act of November 5th, 1849, shall be governed by the provisions of the last named act.

The note in this case having matured on the 22nd day of January, 1850, an action for its recovery could not have been maintained before that time. Nor could a recovery have been had on the assignment before that period, as no action had previously accrued on either of them. The note was executed before the adoption of the act of February, 1849, and in the absence of a date to the assignment, the presumption is, it was made at the date of the note. And that act having been repealed before the maturity of the note, the cause of action accrued under the act of November, 1849, which was in force at its maturity. There can be no pretense, that a law limiting the action, adopted after the contract is entered into, and which is repealed before its maturity, can in the least affect it. After the act of November, 1849, had gone into effect, how could the repealed act of the previous February operate in any degree upon this note or assignment? They were necessarily controlled by the law in force at the time the action accrued. If the act of November, 1849, did not in terms embrace this note and indorsement, they were fully brought within its provisions by the subsequent act of 1851. Then the act of November, 1849, having limited the period of sixteen years within which to sue on an instrument of this character, and it being in force when the note fell due, it must govern the remedy.

The court below therefore erred in overruling the demurrer to the defendant's plea, and in rendering judgment in bar of the action, and the same must be reversed.

*Judgment reversed.*