THE ÆTNA LIFE INSURANCE COMPANY

*v.*

JOHN H. CORN *et al.* Admrs.

1. MERGER *of incumbrance—in fee.* Where a party acquires an estate upon which he holds an incumbrance, it is considered in equity as subsisting or extinguished, according to his intention either expressed or implied. If no intention can be learned, equity will treat the incumbrance as subsisting or extinguished, as may be most conducive to the interests of the holder of the

incumbrance and of the estate. The intention, when manifest, governs in such case.

2. Where the holder of a mortgage takes a conveyance of the mortgaged premises, in which it is expressly stated that the conveyance is subject to the mortgage, and afterwards collects part of the mortgage debt, this will show an intention to keep the mortgage alive, and there will be no merger as between the parties, and if the conveyance is recorded it will afford notice of the same fact to all persons subsequently dealing with the property.

3. Where the holder of a mortgage took a conveyance of the mortgaged premises, in which it was expressed to be subject to the mortgage, and afterwards transferred the note secured by the mortgage, to indemnify a surety, and then executed a deed of trust upon the same premises, under which a sale took place, it was *held*, there was no merger, and that the surety, in equity, could foreclose the mortgage to the extent he was compelled to pay for his principal, as against the purchaser under the trust deed, the record of the conveyance showing it was subject to the mortgage.

APPEAL from the Circuit Court of Hamilton county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

This was a bill filed by David Darnell, Martin Acord and Eli Smith, against the Ætna Life Insurance Company, George M. Brinkerhoff, trustee for said company, John T. Bryant, Mary E. Bryant, Catharine Bryant and William J. Morris, to foreclose a mortgage. During the pendency of the suit, David Darnell departed this life, and his administrators, John H. Corn and Anna Darnell, were substituted in his place. The insurance company and Brinkerhoff alone answered, the other defendants making default. The material facts appear in the opinion.

Mr. O. J. BAILEY, Mr. JAMES H. SEDGWICK, and Mr. JOHN COKER, for the appellant.

Mr. T. B. STEELE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that John T. Bryant and wife executed and delivered a mortgage on the 31st of March, 1873, to Catharine Bryant, on the lands described in the bill. It was made to

secure a note for $1500, due sixty days after date, and was executed by John T. to Catharine Bryant. She, on the same day, sold, assigned and delivered the note and mortgage to William J. Morris. The note was duly assigned by indorsement thereon, and the mortgage was duly recorded on the 1st of April, 1873. Three days afterwards, John T. Bryant and wife, the mortgagors, conveyed the mortgaged premises and 240 acres of other land to Morris, the holder of the note and mortgage, by warranty deed, for the consideration of $500 as expressed in the deed.

The deed of conveyance contained this provision: "All of which lands and tenements are subject to one certain trust deed and mortgage made and executed on the 31st day of March, to Catharine Bryant and William C. Morris, by said grantors." This deed was duly recorded on the 17th day of April, 1873.

On the 5th of April, 1873, Morris, the holder of the note and mortgage, indorsed a payment of $800 on the note, and on the 23d of the same month a further payment of $375. On this latter date, Morris indorsed the note and mortgage in blank and deposited them with Hall, as collateral security, and to indemnify appellees as sureties for Morris to the Hamilton County Bank. In the month of September following, Morris conveyed the land in trust to secure $2000 principal and the interest thereon, borrowed from appellant, whilst Hall held the note and mortgage to indemnify the sureties for Morris to the bank.

Morris having made default in paying appellant, it, under the power in the trust-deed, sold and bid in the premises, realizing only a portion of the debt. The note to the bank was not paid at maturity, but was renewed, with the arrangement that the note and mortgage should be held by Hall to indemnify appellant. This latter note not being paid it was protested, and a suit was subsequently brought, and a judgment was recovered against appellees for $328.10 and costs, which they paid. They thereupon filed their bill to foreclose the mortgage executed by Bryant and wife, to the extent they had

sustained loss by having been compelled to pay the note to the bank.

On a hearing in the court below the relief was granted and the insurance company appeals to this court. And it is urged, that by the conveyance by the mortgagors to the mortgagee there was a satisfaction of the mortgage debt, and the entire title to the mortgaged premises vested in the mortgagee, and that there was a complete merger of title in him, and that appellant, by the trust deed and purchase thereunder, acquired the title free from any incumbrance of the prior mortgage. And a reversal is asked.

In the case of *Campbell* v. *Carter*, 14 Ill. 286, the doctrine of merger is fully discussed. In that case, the rule was deduced on a review of the authorities, and adopted as the law of this court, that where a party acquires an estate upon which he holds an incumbrance, it is considered in equity as subsisting or extinguished, according to his intention either expressed or implied; that his intention is the controlling consideration, and if none can be ascertained from the transaction, equity will treat the incumbrance as subsisting or extinguished, as may be most conducive to the interests of the incumbrancer and holder of the estate. If it in nowise affects his interests, it will be regarded as extinguished. Again, in the case of *Jarvis* v. *Frink*, 14 Ill. 396, it was held, that whether a merger is created by uniting legal and equitable estates in the same person, as, of a mortgage with the fee, depends upon the intention of the mortgagee. The same rule is recognized and applied in the cases of *Edgerton* v. *Young*, 43 Ill. 464, and *Huebsch* v. *Scheel*, 81 Ill. 281. The doctrine must be regarded as settled, and must be applied as announced.

It then only remains to determine what was Morris' intention when he took the conveyance of the equity of redemption. It is clear, beyond all doubt, that he did not intend to extinguish his mortgage, or that the two estates should merge, because in terms he had it expressly stated, in the deed, that the conveyance was subject to the mortgage, and he afterwards

collected about three-fourths of the mortgage debt.   From these facts it would seem that no one could doubt that he intended to keep the mortgage alive.   And such was manifestly Bryant's intention.   There is nothing to show that a satisfaction, and merger of the estates, were intended by the conveyance, but the facts and circumstances all repel the presumption.   As to the parties to that conveyance there was no merger, but the mortgage was still alive and in full force.   And appellees, by the indorsement of the note and mortgage, and its delivery to Hall, to hold for their indemnity as sureties for Morris to the bank, acquired an equitable right to enforce it to the extent they were compelled to pay the bank debt for Morris. That right was full and complete.

Was that right impaired by the execution of the trust deed by Morris to appellant?   We think, clearly, not.   Appellant, if it did not have actual notice, was chargeable with constructive notice.   The deed from Bryant to Morris, of the premises, expressly stated that the conveyance was subject to the mortgage, and that deed had been duly recorded before appellant received the deed of trust to secure the loan to Morris.   It was notice to the world that a merger had not taken place, and that the mortgage was still alive, and all persons dealing with the property were bound at their peril to take notice of the fact.   It then follows, that appellant's deed of trust was subject to the mortgage, and, appellees holding the mortgage for their indemnity, they have the right to enforce it to the extent of their loss as sureties for Morris to the bank.   It follows that the decree of the court below is right, and it must be affirmed.

*Decree affirmed.*