## A. F. SMART

### v.

## N. B. MORRISON.

1. STATUTE OF LIMITATIONS—DEMURRER.—When a note was made, the Statute of Limitations provided that suits should be brought upon such causes of action within sixteen years after the same had accrued, but before the note became due another statute took effect, providing that such actions should be brought within ten years after the cause of action accrued. Ap-

Smart v. Morrison.

pellee filed a plea to appellant's declaration, that the cause of action did not accrue within ten years. Appellant demurred to such plea. *Held*, that the court erred in not sustaining such demurrer.

2. CONSTRUCTION OF STATUTE.—In the saving clause in the Statute of Limitations (Laws, 1871-2, p. 559, § 24), "but this action shall not be so construed as to affect any rights or liabilities, or any causes of action that may have accrued before the act shall take effect," the terms, "rights and liabilities" and "causes of action" are not synonymous, and it was the plain purpose of the legislature to leave wholly unaffected all contracts that had been executed prior to the time when the act became a law. When the note above mentioned was made, the payee had the right to receive the money when due and to bring suit within sixteen years thereafter, and the liability of the maker was correlative.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed October 10, 1884.

Mr. T. E. MERRITT, for appellant; that the statute that was in force at the time the note was executed, is the statute that should apply, cited Dickerson v. C. B. & Q. R. R. Co., 77 Ill. 331; Mix v. Vail, 86 Ill. 40; Alwood v. Mansfield, 81 Ill. 314; Roth v. Eppy, 80 Ill. 283; Hyman v. Bayne, 83 Ill. 256; Gridley v. Barnes, 103 Ill. 211.

Mr. HENRY C. GOODNOW, for appellee; that the cause of action did not accrue until the note fell due, cited Dugan v. Follett, 100 Ill. 582; Dickerson v. Merriman, 100 Ill. 342; Beesley v. Spencer, 25 Ill. 216; Cooley's Const. Lim., 2d Ed., 364, 367.

WALL, J. This was an action in assumpsit by appellant against the appellee.

The cause of action alleged was a promissory note for $286.36 dated May 6, 1872, signed by the appellee as maker, payable to the order of the appellant six months after said date.

The pleas filed were 1st, non assumpsit; 2d, that the cause of action did not accrue within ten years next before the commencement of the suit.

The court overruled a demurrer to the second plea, and

plaintiff electing to stand by the demurrer, judgment was rendered against him for cost. The record is brought here by appeal and the question is as to the sufficiency of the second plea.

When the instrument sued on was made, the Statute of Limitations provided that suits should be brought upon such causes of action within sixteen years after the same had accrued (Gross Stat. Ch. 66, Sec. 4) but before the note became due another statute took effect providing that such actions should be brought within ten years after the cause of action accrued. Laws 1871–2, page 559, Sec. 16.

By the 24th section of the latter act the prior statute was expressly repealed, but with a saving clause as follows: " but this section shall not be so construed as to affect any rights or liabilities, or any causes of action, that may have accrued before the act shall take effect." The act took effect July 1, 1872.

In the case of Dickson v. C. B. & Q. R. R. Co., 77 Ill. 332, the Supreme Court hold that this saving clause should be construed the same as if the words " this act " had been used instead of the words " this section," and that it was the legislative intention that the act of 1872 was to be prospective and not retroactive in its operation.

It is well settled that Statutes of Limitation pertain to the remedy and not to the essence of the contract, and that it is within the power of the legislature to regulate the remedy and modes of proceeding in relation to past as well as future contracts.

This power is subject only to the condition that it can not be so exercised as to take away all remedy or to impose new burdens or restrictions which materially impair the value and benefit of the contract. Sedgwick on Stat. & Const. Law, 649–50; Cooley on Const. Lim, Secs. 365–7.

It is equally well settled that while it is within the scope of legislative authority to pass retrospective statutes generally, and courts will enforce them unless they violate the provision of the federal constitution in regard to *ex post facto* laws and the obligation of contracts, or interfere with vested rights

Smart v. Morrison.

of property, or are within some express prohibition contained in a State constitution, yet such provisions, as a general rule, are objectionable in principle and unjust in practice, and the judiciary will give all laws a prospective operation only, unless their language is so clear to the contrary as to admit of no other construction. Sedgwick on Stat. and Const. Law, 190, 193, 202.

The statute under consideration was clearly designed to operate prospectively upon "causes of action" already accrued, and this is conceded by counsel for appellee; but he contends the cause of action had not accrued because the note was not due when the act took effect.

But it will be noticed that the language of the saving clause preserves " any rights or liabilities, or any causes of action that may have accrued," etc.

In using the words " any rights or liabilities " as well as the words " any causes of action," the legislature must have designed to accomplish more than if the latter set of words only had been employed.

The word right is defined to be "a well founded claim." 2 Bouv. Law, Dic. 596.

The word liability is defined thus: "responsibility; the state of one who is bound in law and justice to do something which may be enforced by action." Ib. 80.

The term, cause of action, signifies " Matter for which an action may be brought." 1 Bouv. Law Dic. 291, where it is also said: " A cause of action is said to accrue to any person when that person first comes to a right to bring an action. There is, however, an obvious distinction between a cause of action and a right, though a cause of action generally confers a right. Thus Statutes of Limitation do not affect the cause of action but take away the right."

The phraseology of the saving clause is somewhat peculiar. The term " accrued " is not usually applied to the term " right," or " liability."

When an absolute contract is entered into, the rights and liabilities of the parties thereto are said to be fixed, and for a failure to comply with the provisions of the contract, the injured

party has a cause of action which is said to have accrued when the breach occurs.

When the note in question was made, the payee had the right to receive the money when due and to bring suit within sixteen years thereafter, and the liability of the maker was correlative. These were fixed and determined by the contract and by the laws then in force, and while the legislature within the restrictions above stated had power to affect this right and liability, yet such is not presumed to have been intended unless the language of the act is clearly not susceptible of any other construction.

It is a familiar rule that some effect should be given to every phrase and expression in a law, so that all the language used shall be allowed a certain meaning and import when such a result is compatible with a fair and reasonable interpretation of the phrases and expressions employed.

We are of opinion the terms "rights and liabilities" and "causes of action" as here used are not synonymous, and that it was the plain purpose of the legislature to leave wholly unaffected all contracts that had been executed prior to the time when the act became a law.

Such is the presumed design in all cases unless the contrary appears, and such is the construction always adopted by the courts when possible.

We therefore hold that the court erred in not sustaining the demurrer to the second plea, and the judgment must be reversed and the cause remanded.

Reversed and remanded.