JAMES P. SIDWELL

v.

MARY J. WHEATON.

*Filed at Ottawa June 13, 1885.*

1. LIEN—*purchaser assuming incumbrance—of the lien created thereby in favor of the holder of the incumbrance.* The owner of a tract of land, after having given a deed of trust to secure an indebtedness of $800, in which he intended to include the same and other land, but in which the tract first mentioned was omitted by mistake, sold and conveyed the same by a deed containing a clause that it was subject to such trust deed and another one, describing the same and the date of their record, and then reciting that it was understood that the grantee, as a part of the consideration of his deed, assumed the payment of the several sums so secured by such trust deeds, with the interest, etc.: *Held,* that the reservation or assumption clause in the deed of conveyance was, in effect, the creation of an express lien, by contract, on the land conveyed, for a portion of the purchase money, in favor of the holders of the notes described in the trust deeds, which followed the land into the hands of all persons claiming under the grantee.

2. NOTICE *of lien as to prior incumbrance—by recitals in deed.* Where a vendor of land states in his deed that it is subject to an indebtedness of his, naming the amount and to whom it is owing, and that the grantee, as a part of the consideration of his deed, assumes the payment thereof, such deed will create an express lien or charge on the land for a distinct portion of the purchase money; and the recording of the same will be notice of such lien to all persons claiming under the grantee. Such a lien will have all the efficacy of a mortgage.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. T. H. GAULT, for the appellant:

A vendor's lien by reservation can, by apt words, be created in a deed of conveyance; but the recital necessary to create such a lien differs materially from that contained in the deed from Badeau to Lee, which is simply an assumption of the mortgage by Lee. 3 Pomeroy's Eq. Jur. sec. 1256. See,

also, *Heist* v. *Baker*, 49 Pa. St. 9; *Pugh* v. *Holt*, 47 Miss. 461; *Carr* v. *Holbrook*, 1 Mo. 240; *Sanford* v. *Smith*, 6 Bush, 129; *Hester* v. *Green*, 12 Wright, 96.

Messrs. Dent, Black & Cratty Bros., for the appellee, con-- tended that the clause in the deed as to the assumption of the debt secured by the trust deed, created a liability on the grantee to the incumbrancer, and a lien on the premises for its payment,—citing *Markoe* v. *Andras*, 67 Ill. 34; *Carpenter* v. *Mitchell*, 54 id. 126; 1 Hilliard on Mortgages, 473, 477, 486; *Blaisdell* v. *Smith*, 3 Bradw. 150; Washburn on Real Prop. 89.

The deed, with its recitals, when recorded, was notice of the lien to all subsequent purchasers.    Story's Eq. Jur. 401; Washburn on Real Prop. 89; *Case* v. *Busteed*, 24 Ind. 426; *Melross* v. *Scott*, 18 id. 250.    See, also, Jones on Mortgages, sec. 229; *Moore* v. *Lackey*, 53 Miss. 85; *White* v. *Downs*, 40 Texas, 226; *King* v. *Young Men's Association*, 1 Wood, 386; Pomeroy's Eq. Jur. secs. 1255, 1256.

Mr. Justice Scott delivered the opinion of the Court:

The bill in this case was exhibited in the Superior Court by Mary J. Wheaton, in which she alleges the execution, in March, 1871, of a trust deed by William C. Badeau and wife to Joel D. Harvey, to secure the payment of a promissory note for $800, of which she is the assignee; that by mistake only a part of the land intended to be embraced in the trust deed was in fact included in it; that thereafter Badeau and wife conveyed the premises intended to be described in the trust deed, to George L. Lee, by the proper and correct de- scription, and that in the *habendum* clause of the deed to Lee was inserted the following provision: "This conveyance is made subject to two certain trust deeds, as follows: one dated March 3, 1873, recorded in the recorder's office of Cook county,

Illinois, in book 210, page 363, made by William C. Badeau and wife to Lyman Baird, to secure his bond of even date therewith, conditioned for the payment of $800 on March 3, 1876, with interest at ten per cent per annum, payable half-yearly; and one other trust deed, dated March 4, 1871, recorded in said recorder's office in book 542, page 214, made by William C. Badeau and wife to Joel D. Harvey, to secure payment of the sum of $800,—it being understood that the party of the second part, as part of the consideration of this conveyance, assumes the payment of $1600, secured by said two trust deeds, with interest on $800 from March 3, 1873, and on $800 from March 4, 1872, at the rates therein specified." It is also alleged that through *mesne* conveyances the premises so conveyed to Lee came to defendant James P. Sidwell, who purchased *pendente lite*, and who was made a defendant on his own petition. The makers of the trust deeds and their grantees seem to have been made defendants, and all answered the bill except, perhaps, defendants Harvey and Lee, against whom defaults were entered. The court found the facts substantially as stated in the bill, and refused to correct the alleged mistake in the description of the premises in the trust deed given to secure the note held by complainant, but did decree that the conveyance by Badeau and wife to Lee, by reservation or clause of assumption, operated, in effect, as the creation of a lien or charge on the lands intended to be included in the trust deed in the nature of a mortgage for the payment of such indebtedness by Lee or his assigns in favor of his grantor, Badeau, and his assigns, and to the benefit and enforcement of which complainant is entitled. Defendant Sidwell excepted to the decision of the court, and prayed for an appeal to the Appellate Court for the First District, which was allowed, and it was thereupon stipulated, in substance, that only so much of the decision of the court as is last above stated should be assigned for error. The decision of the Superior Court was affirmed in the Appel-

late Court, and Sidwell brings the case to this court on his further appeal.

The decision of the Superior Court was clearly correct. The reservation or assumption clause in the deed from Badeau and wife to Lee is, in effect, the creation of an express lien, by contract, on the land conveyed, for a portion of the purchase money. It was expressed as positively and distinctly as it well could be,—"it being understood that the party of the second part, as a part of the consideration of this conveyance, assumes the payment of the sum of $1600." The reference to the trust deeds only makes the sums to be paid more definite, and indicates to whom the same were to be paid. The lien reserved for a distinct portion of the purchase money to be paid for the land appears from the record made of it in the proper book, and as all subsequent parties are chargeable with notice of what the record disclosed in the line of the title they were buying, the land in their hands is subject to the lien created by the deed. It is quite clear the deed from Badeau to Lee created, by express contract, a lien or charge upon the land itself for a distinct portion of the purchase money, which followed the land into whatsoever hands it passed, and had all the efficacy of a mortgage. The cases in this court that sustain this view of the law are numerous and consistent, and it will only be necessary to make reference to a few of them: *Carpenter* v. *Mitchell*, 54 Ill. 126; *Markoe* v. *Andras*, 67 id. 34.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*