JULIAN P. JONES, ADMINISTRATOR, ETC.,

v.

FRANKLIN C. LANDER ET. AL.

*Limitation Act of 1872—Sec. 11, Prospective in Its Operation—Trust Deeds and Mortgages, within Statute.*

1.  Sec. 11 of the Limitation Act of 1872, being prospective only in its operation, does not apply to a trust deed executed and delivered prior to July 1, 1872, when that act took effect.

2.  It is the settled law of this State that mortgages and trust deeds are within the Statute of Limitations, and are barred thereby at the same time as the debts which they secure.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Winnebago county; the Hon. CHARLES V. EUSTACE, Judge, presiding.

Mr. GEORGE M. BLAKE, for appellant.

This note and trust deed were dated, made and delivered prior to the passage and taking effect of the Limitation Act of 1872, and so are not within its scope and purview.

Courts will not give a statute of limitations a retrospective operation if they can possibly avoid it. Betts v. Bond, Breese, 287; People v. Thatcher, 95 Ill. 109; Conway v. Cable, 37 Ill. 82; Knight v. Begole, 56 Ill. 122; Hatcher v. T., W. & W. R. R. Co., 62 Ill. 477; McHaney v. Trustees of Schools, 68 Ill. 140.

Mr. A. H. FROST, for appellees.

If there had been a statute of limitations as to trust deeds in force at the time of the enactment of the law of 1872, any rights that had accrued would have been saved by Sec. 24, and would not have come under the operation of Sec. 11. The saving clause (Sec. 24) does not apply to any cause of action, accrued or not, that was not affected by the repeal of any limitation law under the enactment of 1872. Gridley v. Barnes, 103 Ill. 211.

There was no statute of limitations prior to the passage of the act of 1872, directly affecting trust deeds. Sec. 11 is a new section, not the revision of an old one, and the saving clause of the statute applies to accrued causes of action that would have been affected by some revised section of the limitation law but for the saving clause, and does not apply to such sections of the act as create new rules of limitation. Gridley v. Barnes, 103 Ill. 211.

No right, liability or cause of action within the intendment of Sec. 24 had arisen or accrued in this case at the time of the passage of the Act of 1872, so that this case is excepted from the provisions of Sec. 24. The case of Means v. Harrison, 114 Ill. 248, refers solely to promissory notes, and does not relate to trust deeds and mortgages.

BAKER, P. J.  On the 3d day of July, 1871, John F. Lander, now deceased, made to the Rockford Insurance Company his promissory note for $5,000, due in five years from that date, bearing ten per cent. interest, payable semi-annually and containing a clause to the effect that if the interest was not paid for thirty days after due, then the note was to be due and payable. To secure this note he executed a trust deed of the same date on real estate, to one R. P. Lane as trustee, and this trust deed contained a provision that if default was made in the payment of the said moneys or interest at or before the time specified for such payment, then and in such case the trustee was authorized to sell and close up the trust. The first and second semi-annual installments of interest were promptly paid, but the third installment, due January 3, 1873, was not paid until the 13th day of March, 1873. Thereafter the interest was paid more or less promptly, to January 3, 1883.

In 1872 the note and trust deed were sold, transferred and resigned for a valuable consideration, to the estate of one Robert M. Brantingham, deceased. In 1874 John F. Lander died, leaving his only son and child, Franklin C. Lander, one of the appellees herein, as his residuary legatee and devisee; by virtue whereof said Franklin C. Lander became and was

possessed of the mortgaged premises, or of the equity of redemption therein.

On the 28th day of September, 1885, the appellant, Julian P. Jones, as administrator *de bonis non cum testamento annexo* of the estate of Robert M. Brantingham, deceased, filed this bill in the Winnebago Circuit Court for the purpose of foreclosing the above mentioned trust deed, and from the bill the foregoing facts appear. The court sustained a demurrer to the bill, and dismissed it for want of equity at the cost of appellant.

The action of the Circuit Court was based upon the theory that by the failure of the maker of the note and trust deed to pay the installment of interest that fell due on the third of January, 1873, until more than thirty days after it was due, a right to foreclose or make sale, accrued, and that as the bill was not filed until after the expiration of more than ten years from the termination of such thirty days, the right to foreclose was barred by Sec. 11 of the Limitation Act of April 4, 1872, which provides that "no person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within ten years after the right of action or right to make such sale accrues."

The ruling of the court in sustaining the demurrer and rendering a decree dismissing the bill was erroneous.

In Means v. Harrison, 114 Ill. 248, it was held that the Limitation Act of 1872 had no application to a promissory note given in January, 1872, and due two years after the date thereof, but that such note was governed by the sixteen years limitation established by the act of the 5th of November, 1849, which was in force when the note was executed.

In McMillan v. McCormick, 117 Ill. 79, it was held that under the Limitation Law of 1849, and under the Statute of Limitation in force prior thereto, it was the settled law of this State that mortgages and trust deeds were within the Statute of Limitations and barred thereby; that the debt was the principal thing and the mortgage or deed of trust a mere incident to the debt; that when the principal thing was named in the statute, that which was incident to it was covered by the statute

by necessary implication, although not expressed therein ; and that hence, when the debt was barred in sixteen years by the law of 1849, it was vacant and the mortgage or trust deed securing it was also, by the same words, barred in that time. And the conclusion was reached that Sec. 11 of the Limitation Act of 1872 was prospective only in its operation, and did not apply to mortgages or deeds of trust executed and delivered prior to July 1, 1872, the date that act went in force. The case of McMillan v. McCormick is exactly in point, and decisive of the matter now under consideration. It is wholly unnecessary to repeat the course of reasoning by which the conclusions in Means v. Harrison and McMillan v. McCormick were reached; suffice it to say that in the latter case it was expressly held that the matter of the construction to be given Sec. 11 of the Statute of 1872 was not governed by Hyman v. Bayne, 83 Ill. 256, and Gridley v. Barnes, 103 Ill. 216, as the principle involved was not analogous to that involved in those cases.

It follows from what we have said that the decree of the Circuit Court must be reversed and the cause remanded, with instructions to that court to overrule the demurrer to the bill of complaint of appellant.

*Reversed and remanded.*