SARAH E. VON CAMPE ET AL.

v.

CITY OF CHICAGO.

*Mortgages—Statutory Notice—Foreclosure—Limitations—Act of April 4, 1872, Secs. 6, 11.*

1.  Purchasers of real estate are chargeable with notice of what the record discloses in the line of the title of property bought by them.

2.  Mortgages executed before the passage of the act of April 4, 1872, limiting an action for foreclosure to ten years after the time the right of action accrued, are not affected thereby, rights and liabilities that had accrued before that act took effect being excluded from its operation, whether the cause of action on such right or liability accrued before or after that act took effect.

3.  Upon a bill filed to foreclose mortgages, defendants contending that

under Sec 6 of said act the right of foreclosure is barred, this court holds that no statute that does not operate upon the money demand which the mortgages were made to secure can be set up, and the money demanded being in such shape that no statute of limitations covered it, only the lapse of such time as would raise the common law presumption of payment would be such bar, and that the decrees for complainant can not be interfered with.

[Opinion filed May 5, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. WILSON & ZOOK and A. M. PENCE, for appellants.

Messrs. JONAS HUTCHINSON and M. W. ROBINSON, for appellee.

GARY, J. This is an appeal by several parties, having separate interests, but depending upon the same questions, and no objection is made that they have joined on one record.

April 1, 1848, the city conveyed to Orrington Lunt the west half of lot 24 and east three-quarters of lot 25, called wharfing lots. On each of the five quarters thus conveyed, Lunt gave back to the city a mortgage for $1,000, bearing interest at six per cent per annum, payable quarter-yearly on the first days of May, August, November and February, until principal and interest should be paid. The mortgages provided that so long as the interest and all taxes and assessments were paid, the principal should not be demanded; and that there was no personal liability for the indebtedness.

The appellants deraign title from Lunt, and while they deny actual notice of the mortgages, there is no question as to the statutory notice by the records of Cook County.

The appellants rely upon two sections of the statute of limitations as a bar.

*First:* Conceding that before 1872 there was no statute which by mere lapse of time barred the foreclosure of such mortgages, they claim that the eleventh section of the act of April 4, 1872, limiting an action for foreclosure to ten years after the right of action accrued, is a bar.

But these mortgages being executed in 1848, twenty-six years before that act was passed, are not affected by it—rights and liabilities that had accrued before that act took effect being excluded from its operation, whether the cause of action on such right or liability accrued before or after that act took effect. So held in Means v. Harrison, 114 Ill. 248, as to a promissory note made before, and falling due after that act took effect, and in McMillan v. McCormick, 117 Ill. 79, as to a sale under a power of sale in a mortgage given to secure a note made and falling due before that act took effect.

Decisions, the same in principle, have been made by the Appellate Court of each of the districts, other than this, in this State. Smart v. Morrison, 15 Ill. App. 226; Blackburn v. West, 21 Ill. App. 29; Jones v. Lander, 21 Ill.App. 510.

*Second:* They claim that possession under color of title, and payment of all taxes for seven years after the right of the city to foreclose accrued, is a bar, under Sec. 6 of the same act.

That section is identical with Sec. 8 of the chapter concerning Conveyances, R. S. 1845, and was first adopted in 1839, and is, therefore, not a new enactment, but a continuation of the former law. R. S. 1874, Sec. 2.

The mortgages contained a provision that if default should be made in the payment of interest, the whole principal and interest should forthwith become due. That default occurred August 1, 1876. Nothing has been paid since.

The city filed this bill to foreclose, February 11, 1889, and from the decrees foreclosing the mortgages this appeal was taken. Whether from such default the right of action accrued, whether the city was willing that the principal should become due or not, or whether the only effect was to give the city an election to claim the principal, it is not necessary to consider. The provision in the mortgage in the case of Brokaw v. Field, 33 Ill. App. 138, was not in peremptory terms like those here used. The appellants stand in the shoes of Lunt, the mortgagor, deriving title from him with notice by the record of the mortgages to the city. They can set up no statute of limitations that does not operate upon the money

demand which the mortgages were made to secure. No possession of the land, by them claimed to be adverse, is, in legal effect, adverse. Hagen v. Parsons, 67 Ill. 170, and cases there cited.

The money demanded being in such shape that no statute of limitations covered it, it would seem that only the lapse of such time as would raise the common law presumption of payment would be a bar.

An argument attacking the validity of the mortgages for the supposed lack of proof of the regularity of the proceedings under which the city took them, has failed to make any impression upon us.

The appellants claim through a sale made under a trust deed executed by the then owners, August 10, 1872. The deed to those owners reciting these mortgages, and that the grantees assumed and agreed to pay them, was filed for record on the 9th day of the month before. It is hardly necessary to cite authority that "all subsequent parties are chargeable with notice of what the record disclosed in the line of the title they were buying." Sidwell v. Wheaton, 114 Ill. 267. Such recitals would have bound the land to the city if the mortgage had been through some blunder, wholly ineffectual. Ibid.

The decrees are right and are affirmed.

*Decree affirmed.*